⊛ EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
**21SV330**
A - ROBERT D. ALEXANDER
JUL 01, 2021 02:28 PM

Carrie W. Thomas
Carrie W. Thomas, Clerk
Jackson County, Georgia

IN THE STATE COURT OF JACKSON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| PAMELA COLLINS, | : |
| Plaintiff, | : Civil Action File Number: |
| v. | : _____ |
| WAL-MART STORES EAST, LP, | : |
| | : Jury Trial Demanded |
| Defendant. | : |

## COMPLAINT FOR DAMAGES

NOW COMES Pamela Collins, the Plaintiff in the above-styled civil action (hereinafter referred to as "Plaintiff"), and presents her Complaint for Damages against Defendant Wal-Mart Stores East, LP as follows:

1.

Plaintiff hereby subjects herself to the jurisdiction of this Court.

2.

Defendant Wal-Mart Stores East, LP (hereinafter sometimes referred to as "Wal-Mart" and/or "Defendant") is a limited partnership formed under the laws of the State of Delaware with its principal places of business in the State of Arkansas. Defendant conducts significant business in Commerce, Georgia, and maintains a registered agent for service of process in the State of Georgia. Moreover, the events outlined herein occurred at said Defendant's place of business in Commerce, Georgia.

3.

Defendant may be served with process by service upon its registered agent for service of process in the State of Georgia: The Corporation Company (FL), 106 Colony Park Drive, Ste. 800-B, Cumming, Georgia 30040.

4.

Defendant owns and operates a "Wal-Mart Supercenter" retail store (Wal-Mart Store Number 3) located at 30983 US-441, Commerce, Jackson County, Georgia. Defendant is, and at all relevant times has been, responsible for the management, monitoring, policing, inspecting, maintenance, cleaning, housekeeping and all other aspects of the operation of the Commerce Wal-Mart store.

5.

Based upon the foregoing, jurisdiction and venue are proper in this Court.

6.

This action is brought by Plaintiff to recover all damages suffered as a result of Defendant's failure to keep its above-mentioned premises in a safe condition, which ultimately caused Plaintiff to suffer personal injuries and excruciating pain.

7.

On July 13, 2019, Plaintiff, Pamela Collins, was an invitee/customer on the premises of the Commerce Wal-Mart store, as she and her two daughters had stopped by to purchase some items for an upcoming beach outing.

8.

At one point during the course of their shopping, Plaintiff and her daughters were making their way through the men's department, where they noticed one of Defendant's employees standing near a clothing rack.

9.

As they continued their way through that area, Plaintiff unexpectedly slipped on a wet portion of the floor and fell.

10.

Plaintiff was walking in a normal fashion and in no way contributed to her fall.

11.

At no time did any of Defendant's employees, who had been in the near proximity to the liquid prior to the fall, place any written warning sign of any type in or around the area to warn shoppers that there was liquid on the floor. At no time did said employees verbally, or by any other means, warn Plaintiff that there was liquid on the floor.

12.

Defendant owed a non-delegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff, including a duty to properly inspect its floors, a duty to discover the hazard on the floor, a duty to remove the hazard from its floor, and a duty to warn customers of the presence of any such hazard.

13.

At least one of Defendant's employees was in the immediate area of the liquid and could have easily seen and removed the liquid prior to Plaintiff's fall.

14.

Despite the foregoing, Defendant failed to remove the dangerous substance from its floor and failed to take any action to warn customers that there was a dangerous condition on the floor.

15.

Plaintiff had no reasonable expectation that there was a dangerous foreign substance on the floor beneath her.

16.

Based on the foregoing, Defendant had actual knowledge or scienter of the presence of

the foreign substance on the floor. By contrast, Plaintiff had no knowledge or scienter of the presence of the foreign substance on the floor. Therefore, Defendant's knowledge of the dangerous condition was superior to that of Plaintiff's at the time of her fall.

17.

Likewise, based on the foregoing, Defendant had constructive knowledge of the presence of the foreign substance on the floor. By contrast, Plaintiff had no knowledge of the presence of the foreign substance on the floor. Therefore, Defendant's knowledge of the dangerous condition was superior to that of Plaintiff's at the time of her fall.

18.

Despite the foregoing, the Defendant negligently failed to make reasonable efforts to inspect its floors for foreign substances, negligently failed to discover and/or remove the dangerous substance from its floor and negligently failed to take any action to warn Plaintiff that there was a dangerous condition on the floor prior to her fall.

19.

As a direct and proximate result of Defendant's negligence, Plaintiff suffered severe physical injuries to her neck, back (upper and lower), and knees, which caused her to incur medical and related expenses and lost wages, and to endure ongoing pain, suffering, grief, and disability.

20.

Indeed, Plaintiff required extensive treatment from multiple providers, which include (but are not limited to) the following: Northridge Medical Center; Specialty Orthopaedics, PC; Northside Hospital Gwinnett; MedChex; Ortho Sport & Spine Physicians; Family First Pain Management; Athens Brain and Spine; Northside Hospital Duluth; and Athens Regional Medical

Center.

21.

At all times relevant to this incident, Plaintiff was exercising due care for her own safety.

22.

At all times relevant to this action, the individuals responsible for inspecting, cleaning, and maintaining the area where Plaintiff fell were employed by Defendant and were acting within the scope of their employment.

23.

Defendant is responsible for the conduct of these individuals under the doctrine of *respondeat superior*, agency or apparent agency.

24.

Based on the foregoing, Plaintiff is entitled to recover money damages from the Defendant as set out herein.

**WHEREFORE**, the Plaintiff prays for the following:

a) That service of process be had upon Defendant,

b) That this case be tried before a fair and impartial jury,

c) That Plaintiff be awarded special damages in an amount to compensate her for her medical and related expenses and lost wages,

d) That Plaintiff be awarded general damages for her pain, suffering and disability in an amount to be determined by the enlightened conscience of fair and impartial jurors,

e) That Plaintiff be granted all other relief that the Court deems appropriate.

*[Signature appears on following page.]*

This 29th day of June 2021.

                                              Respectfully submitted,

                                              JOHN FOY & ASSOCIATES, P.C.

                                              ***/s/ Michael R. Bauer***
                                              Michael R. Bauer
                                              Georgia Bar Number: 940544
                                              Attorney for Plaintiff

3343 Peachtree Road, N.E.
Suite 350
Atlanta, Georgia 30326
(404) 400-4000
mbauer@johnfoy.com

IN THE STATE COURT OF JACKSON COUNTY
STATE OF GEORGIA

PAMELA COLLINS,                                    Civil Action File No.
                                                   21SV330
      Plaintiff,
v.

WAL-MART STORES EAST, LP,

      Defendant.
_____/

## ANSWER OF DEFENDANT WAL-MART STORES EAST, LP

COMES NOW, Defendant WAL-MART STORES EAST, LP and makes this Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

### THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for his own safety in the premises, and by the exercise of ordinary care could have avoided any injury to himself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

## FOURTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

## SIXTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

Defendant admits the allegations contained in paragraph 2 of the Plaintiff's Complaint as to the <u>alleged</u> events only.

3.

Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.

Defendant admits only that it operates the subject store. Defendant denies the remaining allegations contained in paragraph 4 of the Plaintiff's Complaint.

5.

Defendant denies the allegations contained in paragraph 5 of the Plaintiff's Complaint. Jurisdiction and venue are now proper in the United States District Court, Northern District of Georgia, Gainesville Division.

6.

Defendant denies the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.

Defendant denies the allegations contained in paragraph 8 of the Plaintiff's Complaint, as stated.

9.

Defendant denies the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10.

Defendant denies the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11.

Defendant denies the allegations contained in paragraph 11 of the Plaintiff's Complaint, as stated.

12.

Defendant denies the allegations contained in paragraph 12 of the Plaintiff's Complaint, as stated. The applicable statute and case law speak for themselves.

13.

Defendant denies the allegations contained in paragraph 13 of the Plaintiff's Complaint, as stated.

14.

Defendant denies the allegations contained in paragraph 14 of the Plaintiff's Complaint, as stated.

15.

Defendant denies the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16.

Defendant denies the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17.

Defendant denies the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18.

Defendant denies the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19.

Defendant denies the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20.

Defendant denies the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21.

Defendant denies the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22.

Defendant denies the allegations contained in paragraph 22 of the Plaintiff's Complaint.

23.

Defendant denies the allegations contained in paragraph 23 of the Plaintiff's Complaint, as stated.

24.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

25.

Defendant denies Plaintiff's prayer for relief, including subparagraphs (a), (b), (c), (d) and (e) thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff. DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

        McLAIN & MERRITT, P.C.

        /s/   Howard M. Lessinger
        Howard M. Lessinger
        Georgia Bar No. 447088


        /s/ Jennie Rogers

                    Jennie Rogers
                    Georgia Bar No. 612725
                    Attorneys for Defendant
                    WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT WAL-MART STORES EAST, LP has this day been filed and served upon opposing counsel via Peachcourt E-File.

This the _22nd day of July, 2021.

        McLAIN & MERRITT, P.C.


         <u>/s/ Howard M. Lessinger</u>
        Howard M. Lessinger
        Georgia Bar No. 447088
        Attorney for Defendant
        WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com